IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| SHALE ROYALTY, LLC | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | |
| | * | CASE NO.  4:18CV00621 SWW |
| MMGJ ARKANSAS, LLC | * | |
| (originally named as BHP Billiton | * | |
| Petroleum (Fayetteville) LLC) and | * | |
| FLYWHEEL ENERGY | * | |
| PRODUCTION, LLC (originally | * | |
| named as SWN Production (Arkansas) | * | |
| LLC, formerly known as SEECO, Inc | * | |
| doing business as SEECO) | * | |
| DEFENDANTS | * | |

## ORDER

Plaintiff Shale Royalty, LLC ("Shale") brings this action pursuant to the Court's diversity jurisdiction against Defendants/Cross-Claimants Flywheel Energy Production, LLC ("Flywheel") and MMGJ Arkansas Upstream, LLC ("MMGJ"), seeking production payments under overriding royalty interests ("ORRIs").  After careful consideration of the parties' briefs concerning issues for trial  [ECF Nos. 147, 150, 154. 155. 156], the Court denies Shale's motion[1] to exclude evidence regarding title to ORRIs connected to mineral interests at issue in a quiet title action currently pending in state court: *Damsky v. Vaudry*, No. 12CV-

---

[1] Shale has not filed a formal motion to exclude evidence but has requested such relief in filed briefs.  See ECF No. 150, at 7-11, ECF No. 156, at 1-2.

1

20-189 (Ark., Cleburne Cty. Cir. Ct. filed Dec. 7, 2020). For reasons to follow, the Court will defer to the state court's ruling in the quiet title action and proceed only on the portion of Shale's ORRIs that are unrelated to the mineral interests at issue in the state court action.

## I. Procedural Background

The overarching issue presented at the summary judgment stage was whether Shale's ORRIs were "subsequently created interests" under the joint operating agreements, and the Court found, as a matter of law, that such is the case. Consequently, the Court found that MMGJ is liable to pay Shale its share of production under ORRIs and must indemnify Flywheel with respect to payments due Shale. The Court further found that the total proceeds due Shale remains unresolved.

In response to the Court's request for a trial plan, Flywheel indicated that it would challenge Shale's title to a portion of the ORRIs. Shale then moved for a status conference, stating that it opposed Flywheel's title challenge, and the Court requested that Flywheel brief the Court, explaining the factual and legal basis for a title challenge at this late stage in the case.

Flywheel filed a brief as directed, and Shale filed a response. Subsequently, in researching the title issue, the Court discovered relevant state court litigation and requested further briefing, which the Court has now received.

## II.  Title Issue

The facts underlying Flywheel's title challenge are these.  In 2014, Arkansas mineral owners filed a lawsuit in the Circuit Court of Cleburne County, Arkansas, *Chickering v. BHP Billiton Petroleum (Fayetteville) LLC*, No. CV-2014-143 (Ark. Cleburne Cty. Cir. Ct.), seeking royalty payments and claiming title to mineral interests originally acquired by Joshua Seney Cosden.  Eleanor Cosden, Joshua Cosden's wife, held title to the Arkansas minerals when she died in 1963, and she bequeathed them to her two surviving sisters, who subsequently leased the minerals.  Eleanor left no mineral interests to the heirs of siblings who had predeceased her.  The *Chickering* defendants include MMGJ and Flywheel, and the case has been stayed.

The Last Will and Testament of Eleanor Cosden was admitted to probate in New York, but no ancillary probate occurred in Arkansas.  As a result, says Flywheel, the Arkansas minerals passed through intestate succession, giving Eleanor Cosden's surviving sisters only one-fifth of the Arkansas minerals.  Flywheel reports that when it learned of the "title failure" in December 2019, it suspended royalty payments to Cosden heirs, who had derived their mineral interests from Eleanor Cosden's surviving sisters.[2]

---

[2] ECF No. 147, at 3

Flywheel explains how and when it discovered that a portion of the ORRIs claimed by Shale in this case derive in part from Eleanor Cosden's surviving sisters:

> It was not until August of this year [2020], through a happenstance conversation between Flywheel's . . . counsel, that it was first realized that there *might* be a connection between the Cosden Heirs['] title failure and the Shale ORRIs. As a result, title was investigated and it was learned that, indeed, a portion of the ORRIs that Shale is claiming in this lawsuit derives from the leases associated with the interests of the two surviving sisters of Eleanor Cosden. At that point, the undersigned counsel notified Shale's counsel of the title failure. Thereafter, counsel of the parties had ongoing discussions about how to address this issue until it was raised with the Court in Shale's filing on November 2, 2020.

On November 30, 2020, a state probate court denied a petition for the probate of Eleanor Cosden's will as time-barred because the Arkansas Probate Code, as it existed at the time of Cosden's death, imposed a five-year limitation period to petition for probate. *In re Estate of Eleanor N. Cosden*, No. 12PR-11-169-1 (Cir. Ct. Cleburne Cty. order filed November 30, 2020) (citing *Delafield v. Lewis*, 299 Ark. 50, 777 S.W.2d 659 (1989)).

Finally, on December 7, 2020, the successors of Eleanor Cosden's surviving sisters (the "Cosden Devisees") filed a lawsuit in state court, asking that title to Arkansas mineral interests be quieted in them. *See Damsky v. Vaudry*, No. 12CV-20-189 (Ark., Cleburne Cty. Cir. Ct. filed Dec. 7, 2020). The defendants in the quiet title action include the successors to the intestate heirs of Eleanor Cosden.

4

The Cosden Devisees also name Flywheel as a defendant in the Cleburne County case, seeking a declaratory judgment that the they are the owners of royalty payments suspended by Flywheel.

### III. Motion to Exclude Flywheel's Title Challenge

Shale asks the Court to exclude Flywheel's "new argument from evidence, or else overrule it on the merits, and allow this long-pending case to proceed to trial."[3] The Court reads Shale's request as a motion, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, to exclude evidence regarding the Cosden title issue. For reasons that follow, the motion is denied.

Shale points to an August 2010 title opinion prepared for Flywheel's predecessor, which revealed that Cosden mineral interests were dependent on foreign probate and heirships that were not domesticated by ancillary proceedings in Arkansas. The names of the plaintiffs in *Chickering* were listed in the title opinion, and Shale therefore concludes that Flywheel sat on information about the Cosden title issue and its connection to this case for months, while motions for summary judgment were pending. Shale further reports that by interrogatory, "Flywheel was asked . . . why it was withholding payment[, and Flywheel] did not

---

[3] ECF No. 150, at 14.

formally raise the Cosden issue as a basis for nonpayment until after the parties submitted their joint proposed trial plan."[4]

Flywheel insists that it only recently made a connection between the Cosden title issue and Shale's ORRIs, explaining:

> The upshot of the foregoing is that Flywheel has never paid Shale any proceeds associated with the ORRIs and Shale's ORRIs were never set up in Flywheel's paydeck. As a result, Flywheel had not previously reviewed Shale's title to attempt to quantify the precise decimal interest associated with the ORRIs. Believing the ORRIs to be MMGJ's responsibility, Flywheel had viewed the exact quantum of Flywheel's claimed ORRIs as an issue between Shale and MMGJ.[5]

Pursuant to Rule 26(e)(1), a party must supplement a previous response to an interrogatory, "if the party learns that in some material respect[,] the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  Rule 37(c)(1), in turn, provides that if a party fails to supplement a previous response with information as required under Rule 26(e)(1), that party is precluded to use the information at trial, unless the failure was "substantially justified or harmless."

Even if Flywheel made the connection between the Cosden title issue and Shale's ORRIs earlier than claimed, it would not render Flywheel's discovery

---

[4] ECF No. 150, at 1.
[5] ECF No. 147, at 2.

response incomplete or incorrect. The interrogatory required Flywheel to state the reason it had not paid Shale its share of production attributable to the ORRIs, and consistent with its defense in this case, Flywheel responded that the ORRIs qualified as subsequently created interests, as defined under the joint operating agreement. The record is void of any information indicating that Flywheel declined to pay Shale based on title problems related to the Cosden mineral interests, and the Court finds no basis to find that Flywheel was required to supplement its response. Accordingly, Shale's motion to exclude evidence is denied.

## IV. Trial Plan

The remaining question is how to proceed in this case. Shale requests that the Court permit Eleanor Cosden's Will to serve as evidence of title as to the portion of ORRIs in dispute, pursuant to Ark. Code Ann. § 28-40-104. That statute provides that a will may not serve as evidence of title unless it has been admitted to probate, except that a duly executed and unrevoked will which has not been probated may be admitted as evidence of a devise if:

> (1) No proceeding in circuit court concerning the succession or administration of the estate has occurred; and
>
> (2) Either the devisee or his or her successors and assigns possessed the property devised in accordance with the provisions of the will, or the property devised was not possessed or claimed by anyone by virtue of the decedent's title during the time period for testacy proceedings.

Ark. Code Ann. § 28-40-10(b).

Alternatively, Shale asks the Court to proceed to judgment on the eighty percent of Shale's title not in dispute, and "fashion a judgment to cover the remaining 20% in a way that respects the ultimate outcome of the Cleburne County quiet-title case."[6]  MMGJ takes no position on how to proceed, but Flywheel suggests that the quiet title proceedings in state court should determine the Cosden title issue.  Flywheel explains:

> The parties to the Cleburne County quiet title proceeding are the parties who hold competing claims to the fee mineral title.  It stands to reason that the parties who hold the competing claims to the fee mineral title are best positioned to argue their respective claims and to litigate them to the fullest extent possible. Conversely, in this case, the interests of the Intestate Heirs are not represented and are not being defended.

The Court agrees with Flywheel's reasoning and finds that the second alternative proposed by Shale, which serves the interests of comity and conservation of judicial resources, is the best path forward.  Although Shale is not a party to the state court action, its chain of title to a portion of the ORRIs depend on the Cosden Devisees' ownership of the mineral interests at issue in the quiet title action, and Shale's interests match those of the plaintiffs in state court.  Further, the outcome of the state court action will most likely fully resolve uncertainty regarding Shale's title.

---

[6] ECF No. 156, at 3.

## V.  Conclusion

For the reasons stated, Shale's motion to exclude evidence is DENIED.  By separate order, the Court will set this case for a bench trial and proceed as stated in this order.

IT IS SO ORDERED THIS 16TH  DAY OF MARCH, 2021.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE